IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

1. DEBRA HANSEN; )
2. COURTNEY JACKSON; )
                                    )
           Plaintiffs, )
                                    )  Case No. 19-CV-280-JED-FHM
v. )
                                    )
3. 6 B'S RESTAURANT )  JURY DEMANDED
    MANAGEMENT GROUP, LLC; )  ATTORNEY LIEN CLAIMED
4. WATERFRONT GRILL, LLC; )

          Defendants.

## COMPLAINT

COME NOW the Plaintiffs, DEBRA HANSON and COURTNEY JACKSON, by and through their attorney of record, J. Derek Ingle of Boettcher Devinney Ingle & Wicker, and files their Complaint against the Defendants 6 B's Restaurant Management Group, LLC and Waterfront Grill, LLC, and allege as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are residents of Tulsa County, State of Oklahoma.

2. Defendant 6 B's is an Oklahoma corporation doing business in Tulsa County, State of Oklahoma.

3. Defendant Waterfront Grill is an Oklahoma corporation doing business in Tulsa County, State of Oklahoma.

3. The Plaintiffs were employees of Defendants as defined by state and federal law.

4. The events giving rise to this action occurred in Tulsa County, Oklahoma.

5. The jurisdiction and venue of this Court is proper.

## II. PROCEDURAL REQUIREMENTS

6. Plaintiffs filed a charges of discrimination with the United States Equal Employment Opportunity Commission. Such charges were filed within 180 days after the alleged unlawful employment practices occurred. The EEOC sent Plaintiffs Notices of Right to Sue Letter on February 22, 2019. This case is being filed less than 90 days after the receipt of the Right to Sue Letters.

## III. FACTUAL BACKGROUND

7. Plaintiffs were employees with Defendants. Plaintiff Hansen began her employment on or about May 2015. Plaintiff Jackson began her employment on or about April 2016.

8. At all times pertinent, Michael Banks was the Director of Operations for 6 B's Restaurants. He is also a part-owner of 6 B's. Waterfront Grill is one of the restaurants owned by 6 B's and which is managed by Michael Banks.

9. Plaintiff Hansen was subjected to repeated sexual harassment by Michael Banks. Banks created a hostile work environment for Plaintiff Hansen and for other females under his management. Several complaints were submitted to the General Manager and to the Human Resource Office, but nothing was done to protect me and the other females from Banks' repeated sexual harassment. In May 2018, Banks sexually assaulted Plaintiff Hansen. Because of this incident, Plaintiff Hansen filed a police report against Banks. On or about May 27, 2018, I was constructively discharged from my employment with Defendants.

10. Plaintiff Jackson was repeatedly sexually harassed by Michael Banks on multiple occasions. Banks repeatedly slapped by rear-end, grabbed by rear-end and rubbed up against me. He even grabbed my crotch. I always tried to stay away from him, but he would often trap

me when I was at the bar and had no escape. One of these episodes was captured by the surveillance camera. This episode occurred on July 6, 2018. I have repeatedly told my General Manager and Human Resources about Banks' harassment and the hostile environment it created. I filed a Police Report against Banks.

12. On April 4, 2019, the Tulsa County District Attorney filed felony criminal charges against Michael Banks, Tulsa County Case No. CF-2019-1633. The District Attorney included three (3) counts of sexual battery against Banks. Two (2) of the three (3) counts of sexual battery are for Banks' sexual battery against Plaintiffs Hansen and Jackson. The third count is for another employee of Defendants who is not part of this lawsuit.

17. Plaintiffs suffered severe emotional distress because of all these extreme and sexually charged incidents and battery. Again, several all of these outrageous incidents occurred after Plaintiffs complained to the General Manager and Human Resources but nothing was ever done to protect the Plaintiffs.

18. Plaintiff have actual damages in the form of medical expenses, back pay and front pay in lieu of reinstatement, as well as consequential damages, including but not limited to emotional distress. Further, the acts of Defendants were carried out in a willful and/or wanton manner and/or with reckless disregard for the rights of others entitling the Plaintiffs to punitive and/or liquated damages.

### IV. CLAIMS FOR RELIEF:

### COUNT 1
### SEXUAL HARASSMENT, DISCRIMINATION, HOSTILE ENVIRONMENT & RETALIATION

19. As more fully set forth in paragraphs 7-18, approximately a few months after Plaintiffs began working for the Defendants, Plaintiff were subjected to extreme sexual

harassment, touchings, sexual battery and discrimination and insensitive, defamatory and derogative comments. These sexual acts were unwelcome and discriminatory against the Plaintiffs and created a hostile environment.

20. Plaintiffs complained to General Manager and Human Resources about these issues. But even after these complaints, the harassment continued. Plaintiffs were then each sexually battered by Banks. Defendants allowed these outrageous acts against the Plaintiffs to occur by never acting on Plaintiffs' earlier complaints.

21. Plaintiffs were forced to file a complaints with the EEOC and to file police reports.

## COUNT 2
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. As more fully set forth in paragraphs 11-18, the Defendants' actions throughout the relevant period were both intentional and/or reckless; and further were of an extreme and outrageous nature. Defendants purposely allowed these outrageous acts to occur by ignoring Plaintiffs' complaints. Particularly, the sexual assaults occurred <u>after</u> Plaintiffs made their complaints known to the General Manager and to Human Resources.

23. The Plaintiffs experienced highly unpleasant mental reactions, such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry. Plaintiffs clearly experienced emotional distress because of the Defendants' actions and such distress was severe.

## COUNT 3
### VIOLATIONS OF OADA

24. Oklahoma Anti-Discrimination Act 25 O.S. § 1101 et. seq. sets forth a clear and unequivocal public policy regarding discrimination in employment in Oklahoma.

25. The egregious conduct complained of by the Plaintiffs in the previous paragraphs and perpetrated by the Defendants is a direct violation of the OADA.

## V.   DAMAGES

26. As a result of the aforementioned violations, Defendants hereby injured Plaintiffs, causing actual and consequential damages. Further, the acts of the Defendants were intentional, reckless and done without regard to the rights of the Plaintiffs. Plaintiffs are entitled to damages in the form of back pay, front pay, consequential damages (including but not limited to emotional distress damages), damages related to emotional distress including medical expenses, and punitive and liquidated damages.

WHEREFORE, Plaintiffs pray for judgment over and against the Defendants for actual, compensatory, liquidated and punitive damages in the amount in excess of $75,000 and for all other relief this Court deems just and proper including interest at the statutory rate, reasonable attorney fees and costs.

Respectfully submitted,

_J. Derek Ingle_
J. Derek Ingle, OBA #16509
BOETTCHER DEVINNEY INGLE & WICKER
2202 East 49th Street, Suite #100
Tulsa, Oklahoma 74105
(918) 728-6500
(539) 664-4129 fax
Derek.Ingle@BDIWlaw.com
ATTORNEYS FOR PLAINTIFF